UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

United States of America,

    Plaintiff,

v.	Case No. 17-cr-152 (JNE/HB) (1)
ORDER

Taariq Kaaleeq Jackson-Bey,

    Defendant.

In a Report and Recommendation dated April 9, 2018, the Honorable Hildy Bowbeer, United States Magistrate Judge, recommended that Defendant's motion to suppress evidence obtained as a result of traffic stops on January 4, 2017, and April 13, 2017, be denied. Defendant objected to the recommendation to deny his motion to suppress with respect to the evidence obtained as a result of the traffic stop on January 4. He did not contest the recommendation to deny his motion to suppress with respect to the evidence obtained as a result of the traffic stop on April 13.

Defendant argued that the evidence obtained as a result of the traffic stop on January 4 should be suppressed because the police did not have probable cause to conduct the traffic stop. The magistrate judge recommended that Defendant's motion to suppress be denied because there was probable cause to effect the traffic stop based on a police officer's observation of a vehicle turning a corner without coming to a complete stop at a stop sign. Defendant objected. According to Defendant, the Report and Recommendation "does not adequately consider the factors that cut against a finding of probable cause, namely the lack of credibility of the officer's testimony, as well as the

1

unreasonable amount of time between the alleged traffic violation, the two separate occasions when police lost sight of the vehicle, and the initiation of the traffic stop." The government responded that Defendant's argument lacked merit:

> [B]ecause credibility assessments made by a presiding judge who observed and heard testimony are entitled to great deference and are virtually unassailable on review, and because none of the challenged circumstances are sufficient to overcome the preponderance of the evidence at the motions hearing showing that the defendant failed to stop at the stop sign, the defendant's claims lack legal and factual merit.

The Court has conducted a de novo review of the record. *See* 28 U.S.C. § 636(b)(1) (2012). The Court has reviewed the transcript of the hearing before the magistrate judge, as well as Defendant's exhibits.[1] Based on its de novo review of the record, the Court overrules Defendant's objections and accepts the recommended disposition.[2] The officer credibly testified that the vehicle turned the corner without

---

[1] Cardinal directions were placed on the part of Defendant's Exhibit 1 that appears in the Report and Recommendation. They erroneously identify east as west, and west as east.

[2] Insofar as the government asserted that the Court should defer to the credibility assessments of the magistrate judge, the Court rejects the government's argument. *See United States v. Raddatz*, 447 U.S. 667, 673-76 (1980); *United States v. Lothridge*, 324 F.3d 599, 600-01 (8th Cir. 2003) ("None of the cases cited by the District Court stand for the proposition that a district judge can defer to a magistrate judge's findings on credibility."); *United States v. Portmann*, 207 F.3d 1032, 1033 (8th Cir. 2000) (per curiam) ("Portmann argues the district court erroneously denied his motion to suppress because the judge failed to conduct the de novo review of the magistrate's Report and Recommendation on the contested issue of the trooper's credibility required by the Federal Magistrates Act, 28 U.S.C. § 636(b)(1) and the Local Rules of the United States District Court for the District of Nebraska, Rule 72.4. We disagree."); *Taylor v. Farrier*, 910 F.2d 518, 521 (8th Cir. 1990) ("The district court may have believed that de novo review is not required when the party objects to credibility findings by the magistrate. However, once a party makes a proper objection to a magistrate's finding, including a credibility finding, the district court *must* make a de novo determination of that

coming to a complete stop at a stop sign.  There was probable cause to stop the vehicle.  *See United States v. Walker*, 840 F.3d 477, 483 (8th Cir. 2016).  Neither the short time that elapsed from the observation of the failure to stop at the stop sign to the initiation of the traffic stop nor the momentary loss of sight of the vehicle rendered the probable cause for the traffic stop stale.

Based on the files, records, and proceedings herein, and for the reasons stated above, IT IS ORDERED THAT:

1. Defendant's motion to suppress [Docket No. 35] is DENIED.

Dated: May 21, 2018

                                          s/ Joan N. Ericksen
                                          JOAN N. ERICKSEN
                                          United States District Judge

---

finding.").  Neither *United States v. Mshihiri*, 816 F.3d 997 (8th Cir.), *cert. denied*, 137 S. Ct. 319 (2016), nor *United States v. Vinton*, 631 F.3d 476 (8th Cir. 2011), which the government cited to support the proposition that "[i]t is well settled that a reviewing court affords great deference to the credibility determinations of the court that actually conducted the evidentiary hearing and observed the witnesses testify—rendering those credibility assessments virtually unassailable on review," compels deference to a magistrate judge's credibility assessment in the context of a district court's review of a recommended disposition of a defendant's motion to suppress.  In each case, a magistrate judge recommended that a defendant's motion to suppress be denied, the defendant objected, a district court conducted a de novo review, and the court of appeals deferred to the credibility determination reached by the district court.  *United States v. Mshihiri*, Criminal No. 13-184 (DSD/JJK), 2014 WL 348571 (D. Minn. Jan. 31, 2014) (overruling objection to report and recommendation), *aff'd*, 816 F.3d 997 (8th Cir. 2016); *United States v. Vinton*, No. 4:08CR545 HEA, 2009 WL 1505509 (May 27, 2009) ("When a party objects to a magistrate judge's report and recommendation, the Court must conduct a de novo review of the portions of the report, findings, or recommendations to which the party objected.  This includes a de novo review of the magistrate's findings of fact, including any credibility determinations." (citation omitted)), *aff'd*, 631 F.3d 476 (8th Cir. 2011).